## ALVIN TAYLOR *v.* LEWIS GILMAN.

### [IN CHANCERY.]

*Cases in which Chancery will grant relief for fraud, considered.*
*Injunction.*

Where a grantor conveyed lands, with the usual covenants of seizin and warranty against incumbrances, and at the time of the conveyance, a railroad company had acquired a permanent easement on the premises, for the track of their road, and also for obtaining gravel, &c.; and it appeared that the grantee at the time of the conveyance understood this, and he and the grantor mutually settled and arranged the matter, by dividing between themselves specified portions of the damages that the said company were to pay, and the grantee was to make no claim on the grantor on his covenants in the deed; and afterwards the grantee commenced an action at law, for a breach of the covenants in said deed, and the grantor brought his bill in chancery to enjoin the suit at law; and the fraud being sufficiently set forth, and the facts above detailed, proved; *it was held,* that the case is within the general rule upon which relief is granted, and that in such cases chancery will not only grant the injunction to restrain the grantee from the further prosecution of the suit at law, but will also enjoin him from using that deed and its covenants, as evidence for the purpose of enforcing such claim.

APPEAL from the Court of Chancery. The orator alleged in his bill, that at the time of the execution of his deed, and the making of the contract with the defendant for the sale of the land, it was made known to the defendant, that the railroad company had laid out their road and track across the land deeded by the orator to the defendant, and that the damages for crossing said land had been appraised and paid to the orator by the said company. And that the defendant purchased the land with the knowledge, and assented to his (the orator) having the damages then paid by the said company. That it was also mutually agreed between the orator and defendant, at the time, that defendant should have the damages to be paid by the said company, for a borrowing pit, which said company was to take. And that the defendant was to make no claim on the orator on the covenants in the said deed, (the covenants in the deed were in the usual form.) And that said defendant had commenced his action at law, against the orator for breach of covenant in said deed, and that said suit at law is now pending. Prayer for an injunction to restrain the defendant from further prosecuting said suit at law.

The defendant, in his answer, denies the facts as stated in the bill. The answer was traversed and testimony taken.

COLLAMER, Chancellor, upon hearing,—June Term, 1851,— perpetually enjoined the defendant, Gilman, from further prosecution of his suit at law. From this decree the defendant appealed.

*R. McK. Ormsby* for defendant.

*S. Austin* for orator.

The opinion of the Court was delivered by

ISHAM, J. The object of this bill is to obtain a perpetual injunction on a suit now pending at law, wherein this defendant is prosecuting the orator on covenants in a deed, executed by the orator to him. From the facts stated in the bill and answer, it appears that on the 23d of March, 1848, the premises described were conveyed, with the usual covenants of seizin and warranty, and against incumbrances; and that, at the time of the conveyance, the Passumpsic River Railroad had acquired a permanent easement on the premises for the track of their road, and also for ob-

Taylor *v.* Gilman.

taining gravel and other materials for their use, in its construction. In relation to this right of the railroad to a portion of these premises, it is stated in the bill, that the claim and right was mutually known and understood by the grantee at the time of the conveyance, and that the matter was mutually settled and arranged, in the appropriation between them of specified portions of the damages to be paid by the railroad for their right in the premises.

The defendant, in his answer, denies this mutual understanding and arrangement, and insists upon his right to his damages and to the prosecution of his suit at law. Notwitstanding, however, this denial in the answer, the facts, as stated in the bill, seem to be satisfactorily sustained and proved by the testimony in the case; so that the general question arises, whether the facts, as stated in the bill and proved by the testimony, entitle the orator to the relief for which he has prayed.

There can be no doubt, that on the trial of that action of covenant at law, the right of the railroad upon these premises would be considered a breach of the covenants in the deed, and the party would be entitled to recover his damages therefor. The right of action on those covenants, for that matter, can not be affected or controverted by the introduction of parol testimony, altering or varying the obligation created by the express covenants contained in the deed. The case of *Townsend* v. *Weld,* 8 Mass. 146, and *Hubbard* v. *Norton,* 10 Conn. 422, fully sustain these principles; and it is for the want of an adequate defence at law, that the orator is seeking relief in equity. The jurisdiction of a court of equity on this subject is well defined, and in the exercise of their powers, they are governed by the same *general rule of evidence* that exists at law. Justice STORY, 2 Eq. Juris. sect. 1531, remarks, "that parol evidence is not admissible to contradict, qualify, extend "or vary written instruments; and that the interpretation of them "must depend *upon their own terms.*" To this general rule, however, in equity, exceptions have been introduced, in cases of *mistake, accident and fraud;* "and where those causes exist, such tes-"timony may be received, to qualify and correct, and even to de-"feat the terms of a written instrument." In all these cases, however, the bill should be properly framed, and adapted to the nature of the relief which equity affords, and one or all of those causes should be made the substantive ground of complaint. On a bill

properly framed, and competent proof that either of those causes exist, the covenants in a deed may be converted so as to conform to and express the real contract of the parties.

It would seem from the testimony, that there is no ground for relief in consequence of any accident or mistake, for the deed and its covenants were drawn as they were, understandingly; the attention of the parties and the scrivener was called at the time to this matter, of which they now complain ; so that they intentionally neglected to make those covenants conformable to the true contract of the parties. There was, therefore, no accident or mistake, either in fact or law, existing in the case. Neither does the bill set up any mistake or accident of the parties, in the drawing or execution of the deed or covenants, as a ground of equitable interference.

The only ground, therefore, upon which this testimony can be received, to control the legal effect and operation of these covenants, is the fraud of the party in attempting to enforce them in violation of his agreement. The evidence is regarded as sufficiently certain and clear, in the proof of that contract, that the damages to be paid by the railroad for their right in the premises, were to be divided between these parties in specified proportions, and that no claim was to be made on the grantor, on his covenant in this deed, for any matter arising out of that negotiation ; and evidently it was in confident reliance upon this understanding, that the grantor neglected so to qualify his covenant that no right of action should arise thereon for that matter. Regarding these facts, therefore, as sufficiently proved, and the bill as sufficiently setting up the fraud and asking for relief on that ground, we think the case is brought within the general rule upon which relief is granted. Judge SWIFT, in his treatise on Equity, remarks, " that whenever a party, by fraud or " mistake, has an advantage in proceeding at law, and which must "necessarily make the court an instrument of injustice, a court of " equity, to prevent a manifest wrong, will interpose by restraining " the party, whose conscience is thus barred from using the advan- " tage he has improperly gained. In short, wherever a legal right ".would be restrained against in a court of equity, an injunction will " be granted to restrain proceedings at law in respect of such legal " right." And this principle we regard as correct, and as having a proper application to the case under consideration. In such cases the injunction will be granted, not only to restrain the party from the

further prosecution of that suit at law, but the court will enjoin him from using that deed and its covenants as evidence for the purpose of enforcing such claim; as the party is making a fraudulent use of them, in violating his express agreement.

The result is, that the decree of the Chancellor must be affirmed, with costs.