Merrimack, }
June 3, 1902. }

## GILL v. FERRIN.

Where real estate is conveyed in pursuance of an oral agreement that the purchaser is to have possession at an earlier date than had been provided in a written contract, in consideration of which he assumes the payment of taxes assessed upon the land for the current year, such taxes are not, as between the grantor and grantee, embraced within a general covenant of warranty against incumbrances contained in a deed of the premises.

In the construction of a covenant of warranty in a deed of real estate, parol evidence which discloses the circumstances connected with the transaction is competent to show the intention of the parties as to the extent and subject-matter of the contract.

A parol agreement between a grantor and a grantee, whereby the latter is to pay taxes assessed upon the land conveyed, is not within the statute of frauds.

COVENANT BROKEN. The defendant and her three children acquired title to the premises in question by descent from the defendant's late husband. On December 26, 1899, the plaintiff and his partner, Loveland, made a written agreement with the defendant and her children to purchase the property for the sum of $8,500, of which $1,000 was paid on the date of the agreement and the balance was to be paid on or before July 15,

1900. The agreement further provided that the Ferrin heirs should have the privilege of occupying the premises, or a part of them, until July 19, 1900. During the latter part of March, 1900, Gill and Loveland entered into an oral agreement with the defendant and her children that they would pay the taxes assessed for the year 1900 if the Ferrin heirs would give them a deed and possession of the premises on April 2, 1900, instead of on or before July 15. In accordance with this agreement, on April 2, 1900, the defendant's children released and quitclaimed to the defendant their interest in the land, and thereafter on the same day the defendant delivered to Gill and Loveland a warranty deed thereof, and received from them $7,500, the balance of the purchase price. Possession of the premises was given to Gill and Loveland in accordance with the oral agreement.

The consideration expressed in the deed was $8,500. After the description occurred the following words: "This conveyance is made subject to the incumbrance of the highway leading from the Long Pond road to the Ferrin farm buildings." Following this clause were the usual covenants of warranty, that against incumbrances being as follows: "That the premises are free and clear from all and every incumbrance whatsoever, except as aforesaid." The premises were taxed by the city of Concord as of April 1, 1900, to the Ferrin estate, for the sum of $128.80, which amount with $4.34 interest the plaintiff paid to prevent a sale of the property for taxes. Prior to payment of the taxes Loveland had quitclaimed his interest in the premises to the plaintiff.

A verdict was rendered for the plaintiff for nominal damages, and he excepted. Upon the finding of the foregoing facts, the plaintiff moved that the verdict be set aside and judgment be entered in his favor for $133.14, with interest and costs. The defendant moved that the verdict be set aside and that judgment be entered for her with costs. The questions as to whether the verdict should be set aside, and if so, what judgments should be entered, were transferred from the October term, 1901, of the superior court by *Stone*, J. The plaintiff was allowed to amend by joining Loveland as a plaintiff.

*Matthews & Sawyer*, for the plaintiff.

*Eastman & Hollis* and *Harry J. Brown*, for the defendant.

WALKER, J. In *Watts* v. *Welman*, 2 N. H. 458, A conveyed to B a tract of land in fee and in mortgage, and afterward, in consideration that C agreed to pay and discharge the mortgage, conveyed to C a parcel of the same land, with a covenant that the

parcel so conveyed was free of all incumbrances; and it was held that as between A and C the mortgage was not to be considered as an incumbrance within the meaning of the covenant. It is there said: "The moment the land was conveyed by the defendant to the plaintiff, the debt due to Jones [the mortgagee] became the debt of the plaintiff, and ought as between him and the defendant to be considered as paid, and as no longer an incumbrance upon the land. The case is in principle the same as if the defendant had conveyed the same parcel to Jones with a similar covenant, in satisfaction of Jones' debt, and Jones had brought an action on the covenant, and set out his mortgage as a breach of it." The theory of that decision is that the covenant was extinguished, as between A and C, upon the acceptance of the deed, because justice required that it should be. The debt for which the incumbrance existed had become the debt of the grantee.

The grantor owed the grantee no duty either to pay the debt or to remove the incumbrance, for the grantee upon sufficient consideration had agreed to perform that duty himself and to relieve the grantor from all liability on account of it. To say that the grantor intended in his contract of warranty against incumbrances to include the mortgage which the grantee had agreed to assume and discharge, would be to impute to the parties the making of an absurd and unreasonable contract. No sensible reason can be perceived why they should regard the mortgage as an incumbrance within the meaning of their contract. The statement of that proposition in more precise terms would be, that the grantor covenanted that the premises conveyed were free and clear of the incumbrance of a certain mortgage which existed thereon, and against which the grantee agreed to indemnify and protect the grantor. It cannot be inferred, without resorting to an unreasonable assumption, that the parties intended that the grantor's warranty should cover the mortgage which the grantee was bound to pay and discharge under his agreement with the grantor. As between the parties, the grantor's liability on account of the mortgage was terminated, because such is the inevitable result of their intention.

"Language, independent of the subject-matter of the author's general purpose, is usually meaningless and obscure. The inconvenience, hardship, or absurdity which one construction would lead to is often strong evidence in favor of another or different construction involving no objections of that character, because men in general do not enter freely into contracts which are absurd or frivolous, and therefore the knowledge of the court on that subject is evidence of the intention of the parties. . . . It is the very great improbability that the parties intended" an absurd

result "that leads to the conclusion, in the absence of evidence to the contrary, that they had no such intention." *Kendall* v. *Green*, 67 N. H. 557, 563.

The extent and subject-matter of a covenant of warranty in a deed of land is ascertained, as a fact, like the extent and subject-matter of other contracts, from the legal evidence of the intention of the parties. There is no absolute or unbending legal presumption which compels the court to disregard such evidence in construing contractual rights and duties as expressed in the covenants of a deed. *Rice* v. *Society*, 56 N. H. 191, 197; *Houghton* v. *Pattee*, 58 N. H. 326; *Corwin* v. *Hood*, 58 N. H. 401; *Crocker* v. *Hill*, 61 N. H. 345; *Gardner* v. *Webster*, 64 N. H. 520; Rawle Cov. (4th ed.) 113. "A limited supply of precedents and an inadequate doctrine of procedure have promoted the judicial introduction of rules of construction, and other so-called rules of law, which often conflict with rights plainly intended to be established by contracts and wills. In this state an unjust judgment cannot be based on a defect in the remedial branch of the common law, or on a formula of construction not enacted by legislative power, or on an unwritten rule the reason of whose existence has ceased." *Smith* v. *Furbish*, 68 N. H. 123, 132; *Kendall* v. *Green*, *supra*.

The principle that parol evidence is not admissible to vary the terms of a covenant of warranty (*Simanovich* v. *Wood*, 145 Mass. 180; *Flynn* v. *Bourneuf*, 143 Mass. 277) is not infringed when the evidence is used for the purpose of ascertaining the subject upon which the warranty was intended to operate. *Bartlett* v. *La-Rochelle*, 68 N. H. 211; *Meredith etc. Ass'n* v. *Drill Co.*, 66 N. H. 267. A covenant against all incumbrances cannot always be construed literally, without regard to the relations of the parties and the nature and situation of the property. Strictly, all land is incumbered by the right of the public to dispossess the owner of it at any time under the power of eminent domain; but such an incumbrance has never been regarded as covered by the ordinary covenants in a deed of land, for the reason that it was never supposed that the parties intended to make a contract of that unreasonable character. In *Fitch* v. *Baldwin*, 17 Johns. 161, it was held that no action lies by a grantee for a breach of a covenant of seizin when he himself is seized of the premises. An invalid tax deed, though recorded, is not an incumbrance for which covenant lies. *Tibbetts* v. *Leeson*, 148 Mass. 102. When a tenant is in possession under a lease who attorns to the grantee, "it is of course impossible to call such a lease an incumbrance." Rawle Cov. (4th ed.) 99. A legal highway in actual use has been held not to be embraced in a general covenant against incumbrances. *Scribner* v. *Holmes*, 16 Ind. 142; *Peterson* v. *Arthurs*,

9 Watts 152; *Whitbeck* v. *Cook*, 15 Johns. 483, 491. The existence of an easement which was apparent to the grantee when he received his deed was held not to be an incumbrance in *Janes* v. *Jenkins*, 34 Md. 1. The court there say (*p.* 11): "The grantor by his covenant warranted the premises as they were, and by no means intended to warrant against an existing easement which was open and visible to the appellant, and over which the former had no power or control whatever. To construe the covenant to embrace such subject would most likely defeat the understanding and intention of the parties; certainly of the grantor." Numerous other cases of claims upon or rights to the land conveyed, which have been determined not to be incumbrances, might be cited to show that the word "incumbrance" is not ordinarily used in a deed in its broad, generic sense, but is qualified and limited by the apparent purposes of the parties.

It becomes important, therefore, in such cases to inquire not merely whether there is in its broadest sense an incumbrance on the land, but, if a claim exists, whether it is such a claim as is included within the terms of the warranty construed in the light of the attendant circumstances. To ascertain what those circumstances are, not to contradict the deed, parol evidence is admissible. *Winnipiseogee etc. Co.* v. *Perley*, 46 N. H. 83, 108; *Swain* v. *Saltmarsh*, 54 N. H. 9, 16; *Crawford* v. *Parsons*, 63 N. H. 438, 443; *Davis* v. *George*, 67 N. H. 393, 395. "The question, however, is not what the parties intended to do, but, what did they do? What intention did they express in the deed? That is to be gathered from the words of the deed, read by the light thrown upon it by the condition of the subject-matter to which it applied." *Ladd*, J., in *Pillsbury* v. *Elliott*, 56 N. H. 422, 425; *Fowler* v. *Kent, ante, p.* 386.

In the present case the parties entered into a valid agreement, by which Gill and Loveland were to have possession of the premises at an earlier date than had been provided in their first agreement, in consideration of which they agreed to pay the taxes assessed on the land for the current year. The terms of this agreement were severally performed by the parties, and when the deed was delivered the grantees' obligation to discharge the tax lien became absolute. The parol promise to pay the tax was not within the statute of frauds. It was not a promise to a creditor to pay the debt of a third party, but a promise to the debtor to pay her debt or discharge her obligation upon a consideration moving from her. *Fiske* v. *McGregory*, 34 N. H. 414; *Hoysradt* v. *Holland*, 50 N. H. 433. If upon the delivery of the deed a tax lien existed upon the land, as is assumed by counsel upon both sides, it thereupon ceased as between the parties, because that was

the effect of their parol agreement; and its technical existence in favor of the public was not such an incumbrance as upon a reasonable construction of the contract of warranty under the circumstances the defendant intended to assume, or the plaintiffs intended she should assume. *Brown* v. *Staples,* 28 Me. 497; *Taylor* v. *Gilman,* 25 Vt. 411; *Reid* v. *Sycks,* 27 Ohio St. 285. The intention of the parties and the true construction of the covenant, as disclosed by the circumstances under which it was made, are as apparent as they would have been if the parol agreement had been inserted in the deed, followed by the usual covenants of warranty against incumbrances. Maup. Tit. 283.

*Verdict set aside : judgment for the defendant.*

All concurred.