## F. H. C. Reynolds *v.* Burton S. Hooker.

### October Term, 1903.

Present: Rowell, C. J., Tyler, Start, Watson, Stafford, and
Haselton, JJ.

Opinion filed January 26, 1904.

*Specific Performance—Mutually Dependent Contracts—Parol
Evidence.*

When two written options are executed and delivered at the same
time, one for the purchase of real estate and the other for the
purchase of stock, in a suit for specific performance of the latter
option, parol evidence is admissible to show that neither option
was to have effect, unless both were accepted.

When two separate written options are executed and delivered at the
same time, one for the purchase of real estate and the other for
the purchase of stock, with the verbal understanding that neither
option was to have effect unless both were accepted, specific per-
formance of one option will not be decreed, if the orator, on his
part, has not tendered performance of the other.

Appeal in Chancery.   Heard on the bill, answer, mas-
ter's report and exceptions thereto, at the December Term,
1903, Orange County, *Munson,* Chancellor.   Decree dismiss-
ing the bill with costs.   The orator appealed.   The opinion
states the facts.

*David S. Conant, R. M. Harvey* and *Senter & Senter* for
the orator.

In the absence of fraud, accident, or mistake, parol evi-
dence was not admissible to show that neither option was to
take effect unless both were accepted.   *Abbott* v. *Choate,* 47
Vt. 53; *Morse* v. *Low,* 44 Vt. 561; *Perkins* v. *Young,* 16
Gray 389; *Ripley* v. *Page,* 12 Vt. 353; *Dixon* v. *Blondin,* 58

Vt. 689; *Isaacs* v. *Elkins,* 11 Vt. 679; *Allen* v. *Furbish,* 4 Gray 504; Parsons on Contracts, Vol. 2, p. 553.

*John B. Peckett* and *Smith & Smith* for the defendant.

Specific performance is matter of discretion. Ency. Pl. & Pr. Vol. 20, p. 390, and note 1.

The two options were executed at same time, were one transaction, and are to be construed together. 17 Wall. 96; *Reed* v. *Field,* 15 Vt. 672; *Rutland etc. R. Co.* v. *Crocker,* 29 Vt. 540.

' Contracts relating to personalty will not, as a rule, be specifically enforced. *Gage* v. *Fisher,* 31 L. R. A. 557; *Welty* v. *Jacobs,* 40 L. R. A. 98.

START, J. The defendant, being the owner of twenty-three shares of the capital stock of the Bradford Electric Company, and of a grist-mill and water privileges which furnished the power for the Bradford Electric Company's lighting plant, was asked by the orator if he would sell his stock in the Bradford Electric Company. The defendant replied, that, if he sold his stock, he should want to sell his grist-mill with its water power. The orator said he wished to purchase the water power, and asked the defendant if he would give an option on the stock and real estate. The defendant replied that he would. Thereupon, the orator presented to the defendant written options for the purchase of the stock and real estate; the defendant read over both options and said he thought they were all right, with the understanding, that, if the option for the sale of the stock was accepted, the option for the sale of the real estate should also be accepted, as he did not wish to sell his stock unless he sold his real estate. The orator replied that he so understood it, that he wanted both, and, with this express understanding and agreement,

the defendant signed and delivered both options.   The defendant has relied upon this agreement, and has at all times been ready and willing, and has offered, to carry out on his part both options.  The orator asks the Court to decree specific performance, by the defendant, of the contract for the sale of the stock, without tendering performance, on his part, of the contract for the sale of the real estate.

The master found, from parol evidence, that the parties agreed that the option to purchase the stock should not be enforceable if the orator did not elect, and purchase, the real estate, which was received subject to the orator's exception. This exception is not sustained.  The orator having resorted to a court of equity for relief, and prayed for the specific performance of the option for the purchase of the stock, without tendering performance, on his part, of the option for the purchase of the real estate, parol evidence was admissible to show, that, at the time of the execution of the option, it was agreed by the parties that this option should not be enforced against the defendant if the orator did not elect to, and carry out, the option for the purchase of the real estate.   *Redfield* v. *Gleason,* 61 Vt. 220, 17 Atl. 1075; *Adams* v. *Smilie,* 50 Vt. 1; *Wilbur* v. *Prior,* 67 Vt. 508, 32 Atl. 474; Brown on Parol Evidence, §§ 37, 50; Pomeroy's Equity Jurisprudence, Vol. 2, 2 Ed., § 866.   It appearing that the stock option was not to be enforceable unless the orator purchased the defendant's real estate, specific performance of the option will not be decreed.   To do so, would be to aid the orator in the consummation of a fraud upon the defendant.   The orator's attempt to enforce the stock option, according to its legal import, when it is shown that he agreed that it should not be enforceable unless he purchased the real estate, is a violation of his agreement and a fraud upon the defendant.   *Taylor* v. *Gilman,* 25

Vt. 411; *Adams* v. *Smilie,* 50 Vt. 1; Pomeroy's Equity Juris-prudence, Vol. 2, 2 Ed. §§ 860, 866.

*Decree affirmed and cause remanded.*