## TYSSOWSKI v. F. H. SMITH COMPANY.

EVIDENCE; CONTRACTS; DECEIT; REAL ESTATE BROKERS; PLEADING; DAMAGES.

1. Where there is ambiguity in the terms of an agreement to sell land, parol evidence is admissible as to its meaning, and its interpretation is a mixed question of law and fact.

2. The gist of the action of deceit is the producing, with fraudulent intent, of a false impression upon the mind of the other party, and, if that result is accomplished, it is unimportant whether the means employed are affirmative or negative, that is, whether they consist of words or acts, or amount to no more than a concealment or suppression of material facts peculiarly within the knowledge of the guilty party.

3. Where real-estate brokers, having obtained an agreement from the prospective purchaser of land to buy it at a given price, procured the owners to sign an agreement to sell within sixty days, at the price named, "rents * * * to be adjusted to the date of transfer," but suppressed the fact that the prospective purchaser's agreement was to buy "free of leases," although they knew of the existence of leases, they are liable in damages to the owners in an action of deceit for having, by such fraudulent suppression, induced the owners to give them for sixty days the exclusive right to sell the property.

4. The allegation in a declaration in an action of deceit that, by reason of the alleged false and fraudulent representations, the plaintiffs were put to great cost and expense, and suffered great loss, to wit, $10,000, to the damage of the plaintiffs in that sum, is sufficient at least to

entitle the plaintiffs to recover nominal damages, and they should be allowed to amend, if so advised, if objection is made at the trial that the averment of damages is insufficient.

5. An action *ex contractu* by a real-estate owner against a broker, to recover $5,000 deposited with the broker by a prospective buyer, will not lie, where the deposit accompanied an agreement by the purchaser to buy the land "free of leases," while the agreement of the owner to sell provided that rents should be adjusted to the date of transfer, and, accordingly, the sale was not consummated.

No. 2105. Submitted May 5, 1910. Decided June 1, 1910.

HEARING on an appeal by the plaintiffs from a judgment of the supreme court of the District of Columbia on a verdict directed by the Court in an action the declaration in which contained a count in deceit and a count based upon an alleged breach of contract. *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment of the supreme court of the District of Columbia upon a directed verdict for the defendant, the F. H. Smith Company, appellee here.

The plaintiffs, Thaddeus M. Tyssowski and Anthony Z. Tyssowski, appellants here, are the owners of lot 19, square 223, with the improvements thereon, known as the Home Life Building, situated at the northeast corner of Fifteenth and G streets, N. W., in this city. The defendant corporation is engaged in the real-estate business in this city. In September of 1906 an agent of the defendant inquired of the plaintiffs whether said property was for sale, and was informed that it was, providing plaintiffs could get $300,000 net for it. The defendant subsequently endeavored, at different times, to buy the property for less than $300,000, representing that it had a purchaser who would give first $280,000, later $290,000, then $295,000. The name of the proposed purchaser was not disclosed to the plaintiffs. Finally, on the 26th of November, 1906, an agreement was entered into between the plaintiffs and

the defendant, Anthony Z. Tyssowski representing his brother. This agreement is in the form of a letter addressed to the defendant company, is signed by both parties, and recites: "We accept the offer made through you to purchase" said property. The terms of payment are then set forth, and the agreement also contains the following:

"Property sold as a good title, or deposit to be returned and sale declared off.

"Taxes, interest, rents, and insurance to be adjusted to date of transfer. Purchaser to make full settlement in accordance with the terms of this sale, within sixty (60) days from this date, or deposit to be forfeited. We wish it understood that, in event of forfeiture of deposit, the purchaser shall not be relieved of liability to comply with the terms of sale. Conveyancing to be at purchaser's cost. We will pay you a commission of $3,000 (three thousand dollars). On the 8th day of November, 1906, according to the opening statement of counsel for the plaintiffs, the defendant company had signed a contract with Mr. Stilson Hutchins in which Mr. Hutchins agreed to purchase said property for the sum of $300,000, and deposited with the defendant the sum of $5,000 as forfeit money. Prior to the 26th day of November, the date of said agreement of sale, the contract between Hutchins and the defendant company was changed by the interlineation of the words "Property to be sold free of leases." This change the defendant did not make known to the plaintiffs, although it well knew that the Pennsylvania Railroad Company occupied the ground floor of the Home Life Building, and had an extended lease of that part of the building, and that the remainder of the building was occupied by other tenants. Subsequently Mr. Hutchins signified his readiness to the defendant to carry out his contract, but the defendant being unable to secure a deed free of leases, the sale could not be consummated. Thereupon this suit was brought.

The declaration is in two counts,—the first upon the common counts in assumpsit, and the second in case for damages occasioned by deceit. In the particulars of demand the dam-

ages claimed under the first count were limited to the $5,000 "deposited with the F. H. Smith Company and forfeited to Thaddeus M. Tyssowski and Anthony Z. Tyssowski." To plaintiffs' declaration, defendant pleaded the general issue and *nil debet.* At the trial, after making the foregoing statement, plaintiffs' counsel offered testimony as to the negotiations between the officers of the defendant and the plaintiffs. This offer was excluded and exception noted. Thereupon the court "stated that, in view of the discussion that already had been engaged in by counsel, it felt disposed to direct the order of proof to the extent of requiring the plaintiff to prove his right to recover under the contract first; and that if he, the plaintiff, did that, then he could proceed to the second count." To this ruling an exception was noted. The said agreement of November 26th was then offered in evidence, and excluded on the ground that good title as therein mentioned meant title free of leases. Leave to withdraw a juror was then sought by plaintiffs but refused. Plaintiffs then offered testimony tending to prove deceit on the part of the defendant company, and damage resulting therefrom, but this testimony was also excluded.

*Mr. Nathaniel Wilson, Mr. Clarence R. Wilson* and *Mr. Paul E. Lesh* for the appellants.

*Mr. J. H. Ralston* and *Mr. A. S. Worthington* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The first assignment of error relates to the action of the trial court in excluding evidence tending to sustain the count in tort. We think this point well taken. The case made by count two amounts to about this: The defendant, as the agent of the plaintiffs, represented to them that it had a purchaser who had bound himself to take their property at their price, and had deposited $5,000 forfeit money; the property was to be sold "as a good title;" taxes, interest, *rents,* and insurance were to be

*adjusted* to date of transfer. The defendant company then knew what it carefully suppressed from the plaintiffs, namely, that it had consented to a change in its contract with the proposed purchaser, whereby all ambiguity, if any theretofore existed in that contract, was removed, and the proposed purchaser by its terms was required to carry out his contract of purchase only in the event that title *"free of leases"* could be given. On the strength of the representations of the defendant, the plaintiffs signed an agreement which bound them to withdraw their property from the market for sixty days, and to sell it within that time upon the terms and conditions mentioned in said agreement of sale.

Having examined the books of the plaintiffs, and knowing not only of the lease to the Pennsylvania Railroad, but also of other leases of offices in said building, the defendant, as the agent of the plaintiffs, had every reason to know that the plaintiffs, in agreeing to sell their property as of good title, and to adjust the rents to date of transfer, understood that it was to be sold subject to the leases thereon. There being ambiguity in the terms of said agreement of sale, extrinsic evidence was admissible as to its meaning, and its interpretation became a mixed question of law and fact. *Janes* v. *Jenkins,* 34 Md. 1, 6 Am. Rep. 300; *Effinger* v. *Kenney,* 115 U. S. 566, 29 L. ed. 495, 6 Sup. Ct. Rep. 179; *Gill* v. *Ferrien,* 71 N. H. 421, 52 Atl. 558. The question is, Did the plaintiffs' agent, knowing all the conditions surrounding the making of this agreement by the plaintiffs, suppress a material fact which, had it been made known to the plaintiffs, would have prevented the plaintiffs from signing such an agreement, and which the defendant had every reason to believe would so result?

The gist of the action of deceit is the producing, with fraudulent intent, of a false impression upon the mind of the other party. It is unimportant, if this result is accomplished, whether the means employed are affirmative or negative, that is, whether they consist of words or acts, or amount to no more than a concealment or suppression of material facts peculiarly within the knowledge of the guilty party. *Stewart* v. *Wyoming Cattle*

*Ranche Co.* 128 U..S. 383, 32 L. ed. 439, 9 Sup. Ct. Rep. 101.
Here one party, sustaining a fiduciary relation to the other
party, has held out to him the existence of a certain state of
facts material to the subject of the contract. Knowing that
the action of the other will be induced by such statement, it is
incumbent upon him, if a change has occurred which may affect
the action of the other, to make full disclosure to such other
party. By suppressing knowledge of such change, he becomes
responsible for the misapprehension and damage ensuing. *Loe-
wer.* v. *Harris,* 6 C. C. A. 394, 14 U. S. App. 615, 57 Fed.
368. When, therefore, the officers of the defendant company
induced the plaintiffs to enter into said agreement of sale, it was
incumbent upon them to disclose to the plaintiffs. the material
fact that, under said contract of purchase, title was to be given
free of leases. Knowing of the existence of leases, and know-
ing of the provision in said contract of sale, that *rents* should be
*adjusted* to date of transfer, it certainly cannot be said as matter
of law that the officers of the defendant were not guilty of
fraudulent representation by the suppression of said provision
in said Hutchins contract of purchase. They must have known
that the suppression of such information would be likely to pro-
duce a false impression upon the minds of the plaintiffs, and
induce them to enter into a contract which, had they known
all the facts, they would not have entered into.

It is apparent that the real object of the defendant was to
induce the plaintiffs to enter into the contract of sale, and thus
withdraw a valuable piece of property from the market for a
term of sixty days, probably hoping, during that period, to in-
duce Mr. Hutchins to accept the title subject to leases, or, fail-
ing in that, to procure another purchaser. At all events, as
the result of this duplicity, it obtained for sixty days the exclu-
sive right to sell plaintiffs' property.

Objection was made for the first time at the trial term
that the second count does not contain a sufficient averment
as to damages. It is therein averred that, "by reason of the
making of the contract aforesaid, so obtained by and
through the false and fraudulent representations so made by

the defendant to the plaintiffs aforesaid, the plaintiffs were put to great cost and expense, and suffered great loss, to wit, $10,000, to the damage of the plaintiffs in the sum of $10,000." This averment at least entitled the plaintiffs to recover nominal damages. Whether it is subject to the objection urged in the trial court, we do not stop to inquire, for the reason that the plaintiffs, in the circumstances, should have been permitted to amend, if they were so advised.

It is difficult to perceive upon what theory the plaintiffs base their right of recovery under the first count of their declaration. As previously stated, in their particulars of demand they expressly limit their right of recovery under this count to the $5,000 which Mr. Hutchins deposited with the defendant company. Unfortunately, however, for the plaintiffs' contention, this sum never was forfeited, for the manifest reason that, by the terms of said contract of purchase between the defendant company and Mr. Hutchins, the $5,000 was not to be forfeited unless title free of leases was tendered. In other words, even assuming that said contract of sale was subject to leases, the contract of purchase clearly was not. This is not an action against the defendant company for breach of contract, but, as above stated, the plaintiffs base their claim upon the contention that the sum of $5,000 came into the hands of the defendant company as a forfeit to plaintiffs, and was withheld by said defendant company.

The judgment must be reversed, with costs, as to count two, and the cause remanded with leave to the plaintiffs to amend, if so advised, and with directions for further proceedings in accordance with this opinion.                    *Reversed.*

Mr. Justice ANDERSON, of the supreme court of the District of Columbia, sat with the court in the hearing and determination of this appeal, in the absence of Mr. Chief Justice SHEPARD.