Cheshire, ⎱
Oct. 3, 1911. ⎰

## DAY *v.* TOWNS.

Extrinsic evidence is admissible to ascertain the meaning of the word "home," as used in a mortgage to secure support.

The construction of a written contract by the parties thereto, as evidenced by a protracted course of action, will be adopted by the court unless the language forbids.

Where the grantee of a farm covenants to provide a home upon the premises for a daughter of the grantor and is entitled to her services in his household while furnishing such support, he cannot set off the value of her future earning capacity, in excess of the labor she was bound to perform for him, against her claim to an equitable share of the proceeds accruing from his sale of the property.

BILL IN EQUITY, to establish the plaintiff's rights under a mortgage. Trial by the court. Transferred from the October term, 1910, of the superior court by *Mitchell*, J.

In 1889, Moody Towns, father of the plaintiff and the defendant, conveyed his farm to the defendant and took back a mortgage conditioned to "provide for both in sickness and in health, for the said Moody Towns and his wife, . . . during their natural life or either of them, furnish them with clothing, care, nursing, and doctoring, and at their decease give them a Christian burial. And shall furnish and give Flora S. Towns a home upon said premises so

long as she shall want or desire one." Moody and his wife died a few years later.

The plaintiff Flora is blind. She was a member of her father's household when the mortgage was given. Her general health was good and she rendered service about the household, receiving no compensation except her support. Until 1909, she continued to live with the defendant in the same manner, except when she was away on account of physical disability. At these times he did not pay any of her doctor's bills. Her clothing was to a certain extent provided by her sisters. She has no property aside from her rights under the contract. In 1909, the defendant sold the farm without her consent. Thereupon this bill was filed and it was agreed that the money value of her rights should be determined and paid to her.

The court found that the plaintiff was entitled to recover for board and lodging, less the value of her services in the household, and assessed the damages at $1,400. It appeared that the plaintiff has some earning capacity over and above the value of her services rendered to the defendant. The defendant excepted to a refusal to allow him for the full value of her earning capacity and to the ruling that he was obliged to furnish board as well as lodging. The plaintiff excepted to the refusal to allow her for clothing and medical attendance.

*Cain & Benton (Mr. Benton* orally), for the plaintiff.

*John E. Allen* (by brief and orally), for the defendant.

PEASLEE, J. The chief question here presented is the construction of the defendant's agreement to "furnish and give Flora S. Towns a home upon said premises." The defendant's claim is that he is merely obliged to furnish lodging, while the plaintiff seeks to recover for both lodging and sustenance. It is manifest that the word "home" has not such a fixed meaning that it would accurately and precisely limit an obligation like the one here in question. Recourse may therefore be had to other evidence to ascertain the intent of the parties. *Kendall* v. *Green*, 67 N. H. 557.

It appears that for nearly twenty years the parties acted upon a well defined construction of the language used. The defendant furnished the plaintiff board and lodging, while she contributed such service as she could perform in the household and bore the expense of her own clothing and doctor's bills. "This is a practical

construction which the parties themselves put upon the deed, and
that construction after long acquiescence the court will adopt when
the language of the deed is ambiguous." *Newmarket Mfg. Co.* v.
*Pendergast,* 24 N. H. 54, 66. The defendant's contention that an
acute analysis of all the language in the provision for support might,
tend to sustain his position is not of controlling importance. The
question being what the language meant to the persons using it, their
understanding as evidenced by their acts, which cover nearly a score
of years, furnishes a much more satisfactory answer than one drawn
from a fine balancing of the words and phrases of the deed. "As a,
rule, when the parties to a contract have so acted in relation to any of
its provisions as to show their understanding of them, and this course
of action has continued for a long time, the court will adopt that,
understanding unless the language of the contract is clearly incapa-
ble of such construction." *Morrill* v. *Weeks,* 70 N. H. 178, 180.
The ruling of the superior court that the defendant is liable for
board and lodging, but not for other necessaries, was correct.

The defendant also seeks to set off against the plaintiff's claim
the value of her future earning capacity. The ground for this claim
is not apparent. He was entitled to the value of such services as
the contract contemplated she should render for him—that is, her
labor in his household. But no reason appears why he should
claim title to some added earning capacity she might possess. It,
may be that if she forsook the work in his home to engage in some
profitable labor, she would be liable to him in damages; but the
measure of those damages would be what he lost by the breach—
not what she gained thereby.

The rule of damages applied by the presiding justice was the cor-
rect one. On one side was the value of the support to be furnished;
on the other side, that of the services to be rendered in the household.
The difference between the two represented the plaintiff's net loss.
The defendant's claim, that in the assessment no deduction was made
for the value of the services to which he was entitled, seems to be
contrary to the reported facts; but to enable him to remove all doubt,
the order of judgment will be stayed until the case is returned to the
superior court, where application can be made to the presiding jus-
tice for further findings.

The plaintiff's exceptions are disposed of by what has been said
of those taken by the defendant. If the contract is capable of a
construction imposing upon the defendant the duty to furnish the
plaintiff clothing and medical attendance, it might also be thought

to have the contrary meaning. And having been construed by the parties in the latter way for many years, it is much more probable that they always so understood its provisions. Unless the findings are changed upon further hearing in the superior court, there should be judgment for the plaintiff for $1,400.

*Case discharged.*

All concurred.