# WHITNEY *v.* GROO.

VENDOR AND PURCHASER; MARKETABLE TITLE; SPECIFIC PERFORMANCE.

1. A purchaser cannot be compelled to take a doubtful title; neither can he refuse to perform his contract because of a bare possibility that the title may be affected by a remote and improbable cause.

·2. Specific performance of a contract for the purchase of land will not be denied because of the alleged defective title of the vendor, where the only ground of objection is that a widow over seventy years of age may hereafter have children born to her who would be entitled ·to an interest in the property; nor will mere inability to secure a loan on the property be a sufficient objection.

No. 2543. Submitted May 15, 1913. Decided May 26, 1913.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia dismissing a bill in equity for specific performance of a contract to purchase land.

*Reversed.*

The COURT in the opinion stated the facts as follows:

Appellant, Charlotte Anita Whitney, filed a bill in equity [against Mahlon Groo] in the supreme court of the District of Columbia to compel the specific performance of a contract for the purchase of real estate. Appellee's only ground of objection to the title tendered by plaintiff is that a widow over seventy years of age may hereafter have children born to her who would be entitled to an interest in the property. The court below held that the defect in the title was such as to prevent a court of equity from granting relief by specific performance. From the ·decree dismissing the bill this appeal was taken.

*Mr. Mason N. Richardson* and *Messrs. Kappler & Merillat* for the appellant.

*Mr. Walter C. Balderston* and *Mr. William M. Lewin* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

A purchaser cannot be compelled to take a doubtful title; neither can he refuse to perform his contract because of a bare possibility that the title may be affected by a remote and improbable cause. The defect here relied upon does not amount even to a remote contingency. In the light of human experience, a court is justified in treating it as an utter impossibility. It is not the function of a court to indulge in frivolous quibbles or technicalities. All that appellant is required to furnish is a marketable title,—one free from reasonable doubt. "If the existence of the alleged fact which is claimed or supposed to constitute a defect in or cloud upon the title is a mere possibility, or the alleged outstanding right is but a very improbable or remote contingency, which, according to ordinary experience, has no probable basis, the court may, in the exercise of a sound discretion, compel the purchaser to complete his purchase." *Cambrelleng* v. *Purton,* 125 N. Y. 610, 26 N. E. 907.

The mere inability to secure a loan on the property, a contingency suggested by counsel for appellee, is not a competent objection. In *Moser* v. *Cochrane,* 107 N. Y. 35, 13 N. E. 442, the trial court refused to admit evidence of the inability of the plaintiff to procure a loan on the property, and the testimony of lawyers to the effect that, in their opinion, the title was not marketable. The appellate court upheld the ruling, saying: "If the facts proved justified the inquiry, the question was one for the court to answer. The opinion of conveyancers against it is quite immaterial."

The decree is reversed with costs, and the cause is remanded for further proceedings.                              *Reversed and remanded.*