Hillsborough,
Oct. 1, 1918.

### CHRISTOS CORDOPATIS *v.* ATHANASIUS BAKALOPOULOS.

Parol evidence is admissible to explain the meaning of the term "dowery" in an ante-nuptial agreement made in this country between citizens of a foreign country, and written in their language, the parties intending ultimately to return thither, and having in mind the performance of the contract therein, "more than in any other place."

BILL IN EQUITY, to enforce the specific performance of a contract of "dowery" made in anticipation of the marriage of the plaintiff to the defendant's daughter. The facts were found by a master. Upon consideration of the master's report the bill was dismissed, and the plaintiff excepted. Exceptions were also taken by the plaintiff to the admission of evidence. Transferred from the September term, 1917, of the superior court by *Marble*, J. The facts are stated in the opinion.

*Cobleigh & Theriault* (*Mr. Cobleigh* orally), for the plaintiff.

*J. Joseph Hennessy* and *Melvin G. Rogers* (both of Massachusetts) and *Ivory C. Eaton*, for the defendant. *Mr. Hennessy* was not called upon.

PLUMMER, J.    The defendant agreed to transfer to the plaintiff certain shares of stock, to be given by reason of "dowery" to the plaintiff in consideration of the plaintiff's marriage to the defendant's daughter "in accordance with the divine and holy rites of the Orthodox Eastern Church of Christ." The parties were Greeks, the contract was written in the Greek language, and was drawn by the Greek consul in his office in Boston, Massachusetts. It was found by the master that the parties ultimately intended to return to Greece, and that they had in mind the performance of the contract in Greece more than in any other place. The marriage was solemnized, and the dowry contract was made conformably to "the divine and holy rites of the Orthodox Eastern Church of Christ," and according to the laws of Greece under the rules and regulations of the Greek Church.

It is contended by the defendant that by these laws, rules and regulations dowry given by the wife's father to his son-in-law is a gift for the purpose of alleviating the burdens of marriage, to be used dur-

ing the joint lives of the husband and wife, and to revert to the father in the event of the wife's death, without issue. Before the bringing of this bill the plaintiff's wife died without issue. Hence it is claimed the dowry reverted to the defendant.

The master found that dowry under these laws, rules and regulations was in accordance with the defendant's contention. The evidence in the case was sufficient to support such a finding, and the finding warranted the court in dismissing the bill.

The plaintiff excepted to evidence offered by the defendant as to the meaning of the term "dowery." The question for consideration in this case was what the parties understood when they used this word in the marriage contract. What did the term "dowery" mean to them? This was a Greek marriage contract, and evidence as to what was meant by "dowery" as used in such contract was competent. *Kendall* v. *Green*, 67 N. H. 557; *Gill* v. *Ferrin*, 71 N. H. 421, 424; *Day* v. *Towns*, 76 N. H. 200; *New England Box Co.* v. *Flint*, 77 N. H. 277; 4 Wig. Ev. ss. 2461–2465.

*Exceptions overruled.*

All concurred.