## KAPILOFF v. ABINGTON PLAZA CORPORATION.

### No. 610.

Municipal Court of Appeals for the District of Columbia.

June 11, 1948.

David L. Riordan, of Washington, D. C., for appellant.

Joseph T. Sherier, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD, Associate Judge, and Myers, Acting Judge (Sitting by Designation).

CAYTON, Chief Judge.

Through a straw party, Gerald Kapiloff contracted with the Abington Plaza Corporation to purchase certain real estate, and paid a deposit of $2,000 to the brokers in the transaction. The contract provided that if the purchaser did not settle within sixty days from the date of acceptance of the offer by the owner, the deposit might at the option of the seller be forfeited, and that in such event one-half thereof would be allowed the brokers as compensation for their services to the owner. Kapiloff refused to go through with the transaction when he learned that an Act of Congress passed in 1926 [1] authorized the Secretary of the Treasury to acquire by purchase or condemnation, when funds are available, property which he may determine as necessary, in the area in which the property in question is located, for the development of public buildings. The vendor sued the broker for $1,000, being one-half the

amount of the deposit in its possession. Kapiloff intervened as party defendant, and alleged that the contract of purchase was procured by the plaintiff through fraud and misrepresentation, in that the plaintiff had failed to disclose to him the existence of the Act of Congress above-mentioned.

The undisputed evidence was that Kapiloff had seen the property in question a number of times and desired to purchase it; that no inquires were made of the plaintiff before the execution of the contract either by Kapiloff or by the brokers employed by him respecting the Act of Congress or the use to which the property might be put; and that no one representing the plaintiff made any statement with respect to such matters. The case was tried to a jury and at the conclusion of all the evidence the trial judge directed a verdict in favor of the plaintiff for the amount claimed, against defendant Kapiloff. He brings this appeal.

There is, of course, no question that mere silence does not constitute fraud unless there is a duty to speak. Here, on the undisputed evidence there was no such duty. Defendant knew the property, desired it, and employed a broker to purchase it for him. The Act of Congress on which he relied as a ground of voiding the purchase was as readily available to him as it was to the vendor.[2] Under these circumstances it cannot be said that the vendor practiced a fraud upon him.[3]

Appellant relies upon four cases in this jurisdiction. Tyssowski v. F. H. Smith Co., 35 App.D.C. 403; Tucker v. Beazley, D.C.Mun.App., 57 A.2d 191; Borzillo v. Thompson, D.C.Mun.App., 57 A.2d 195; Rosenberg v. Howle, D.C.Mun.App., 56 A. 2d 709. These cases are not in point. The Tyssowski case was a suit against a broker for deceit. In the words of the court, "Here one party, sustaining a fiduciary relation to the other party, has held out to

---

[1] 44 Stat. 630, as amended by Act of March 31, 1930, 46 Stat. 136, 40 U.S.C. A. § 341.

[2] Slaughter's Adm'r v. Gerson, 13 Wall. 379, 20 L.Ed. 627; Bailey v. Smith, 57 App.D.C. 369, 23 F.2d 977; Readinger v. Rorick, 6 Cir., 92 F.2d 140.

[3] Tennessee Wesleyan College v. Coffey, 6 Cir., 97 F.2d 686, certiorari denied 306 U.S. 633, 59 S.Ct. 462, 83 L.Ed. 1035; Randolph v. Allen, 5 Cir., 73 F. 23; 5 Williston, Contracts, § 1497; Pomeroy, Equity Jurisprudence, Vol. 3, 5th Ed., §§ 901 and 902.

him the existence of a certain set of facts material to the subject of the contract." In the case at bar there was no fiduciary relationship. The Tucker and Borzillo cases are much alike. Each of them involved statements made by the vendor that amounted to less than the full truth. In the Tucker case the vendor of a rooming house, in response to an inquiry, named the rent he received without stating that this amount was unlawful under the Rent Act, D.C.Code 1940, § 45—1601 et seq. In the Borzillo case the vendor, knowing that the purchaser wanted an apartment building as an investment and not for personal occupancy stated merely that the rent for the second floor apartment was $150 a month, furnished, and failed to disclose that on the freeze date under the Rent Act, the rent for such apartment was $60 a month, unfurnished, and also failed to disclose that there was then pending before the Rent Administrator his petition for approval of the $150 rental. Both these cases involved an affirmative duty of disclosure, under the familiar principle that when one undertakes to speak, either voluntarily or in response to inquiry, he must "not only to state truly what he tells" but also must not "suppress or conceal any facts within his knowledge which materially qualify those stated. If he speaks at all he must make a full and fair disclosure." [57 A.2d 198.] The Rosenberg case also involved a statement that was less than the full truth: the vendor stated that the building had been converted to office use, withholding the information that the conversion did not comply with building regulations. There was also evidence of positive misrepresentations of fact. There is nothing in the record of the case before us to show any affirmative duty to speak as a result of a partial disclosure, as in the Tucker, Borzillo and Rosenberg cases; nor was there a confidential relationship as in the Tyssowski case.

■ Even examining the vendor's claim with a most critical eye we do not see how it can be said that the nondisclosure was material or resulted in any injury to defendant purchaser. The statute of which he is apprehensive has been on the books for more than twenty years. No action has ever been taken by the Secretary of the Treasury towards acquiring any of the property in the area of securing an appropriation therefor; and in the record there is not the slightest evidence when such action is to be taken, if ever. Nor is there even a suggestion that if such action is taken it would result in any loss to defendant or whomever may then own the property. Moreover, as the agreed statement shows the property is zoned first commercial and may be improved for any permissible business purpose.

The vendor was in a position to deliver a good marketable title—one free from reasonable doubt; and the purchaser was entitled to no more than that. He could not base a defense on the remote contingency he described, or avoid liability because of a fear as nebulous as that relied on in this case. Whitney v. Groo, 40 App.D.C. 496.

The factual situation being so clear and the applicable legal standards equally clear, the trial judge was correct in taking the case from the consideration of the jury. On this evidence a verdict for the defendant could not have been permitted to stand.

Affirmed.